IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. CR 09-1465 JB

TIMOTHY WILSON,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion to Dismiss Count 1 of the Superceding Indictment, filed June 7, 2010 (Doc. 53). The Court held a hearing on June 17, 2010. The primary issue is whether the Court should allow Plaintiff United States of America to dismiss without prejudice Count 1 of the superceding indictment.[1] Defendant Timothy Wilson objects to the dismissal, arguing that he is concerned the United States is only dismissing Count 1 so that it can put him on trial a second time if the jury acquits him of Counts 2, 3, and 4 -- all of which charge him with essentially the same conduct occurring over different periods of time. The United States insists that it is dismissing this Count to streamline the trial and allow it to focus on the Counts that it is most confident it can prove beyond a reasonable doubt. Because the Court cannot, on the record before it, say that dismissal without prejudice would clearly be contrary to manifest public interest, the Court will grant the United States' motion to dismiss Count 1 without

---

[1] Although the motion itself is not so specific, Assistant United States Attorney Jennifer Rozzoni clarified during the hearing that the United States seeks dismissal without prejudice. She also told the Court that Robert Gorence, Wilson's counsel, has no problem with dismissing Count 1 as long as it is with prejudice, but opposes the motion to the extent that it seeks dismissal without prejudice. Mr. Gorence's arguments showed Ms. Rozzoni accurately represented Mr. Gorence's position on the motion.

prejudice.

## LAW REGARDING MOTIONS TO DISMISS BY THE UNITED STATES

At common law, a federal prosecutor could dismiss an indictment *nolle prosequi* without approval of the court. See 3B C. Wright, N. King, S. Klein, & P. Henning, Fed. Prac. & Proc. Crim. § 812, at 323 (3d ed. 2004). That unfettered control of the criminal charges changed with the adoption of rule 48 of the Federal Rules of Criminal Procedure. Rule 48 states, in relevant part: "The government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a) (emphasis added). It is thus clear that, before the United States can dismiss an indictment, information, or complaint, it must obtain leave of court.

The rule is silent, however, on the question of on what grounds a court should grant such leave. The United States Court of Appeals for the Tenth Circuit has weighed in on this issue several times. It finds the answer in the general purpose of rule 48, which the Tenth Circuit states is "to protect a defendant from harassment by a prosecutor's charging, dismissing, and recharging the defendant." United States v. Hutchinson, 2 F.3d 1161 (Table), 1993 WL 307940, at *3 (10th Cir. Aug. 10, 1993). See United States v. Ellzey, 2 F.3d 1161 (Table), 1993 WL 307949, at *2 (10th Cir. Aug. 10 1993)("Requiring leave of the court to dismiss an indictment prevents the prosecutor from harassing a criminal defendant by repeatedly filing and dismissing charges[.]"); United States v. Hamm, 659 F.2d 624, 628 (5th Cir. 1981)("We hold that the 'leave of court' requirement of Rule 48(a) is primarily intended to protect the defendant against prosecutorial harassment."). The Tenth Circuit determined that the rule performs this function by "allow[ing] courts to consider public interest, fair administration of criminal justice and preservation of judicial integrity when evaluating motions to dismiss." United States v. Hutchinson, 1993 WL 307940, at *3 (quoting United States v. Strayer, 846 F.2d 1262, 1265 (10th Cir. 1988)). The Tenth Circuit has

concluded that a district court generally must grant such motions unless it appears that the United States is motivated by a desire to harass the defendant or the dismissal would be contrary to the public interest.  See United States v. Romero, 360 F.3d 1248, 1251 (10th Cir. 2004)("[A] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest.")(quoting United States v. Carrigan, 778 F.2d 1454, 1463 (10th Cir. 1985)); United States v. Robertson, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995)("Under Rule 48(a), courts must grant prosecutors leave to dismiss charges unless dismissal is 'clearly contrary to manifest public interest.'")(quoting Rinaldi v. United States, 434 U.S. 22, 30 (1977)(per curiam)); United States v. Hutchinson, 1993 WL 307940, at *3 (finding no abuse of discretion where the district court granted a motion to dismiss without prejudice, the United States' reason for seeking dismissal was to gather more evidence, and the defendant was re-charged with the same crimes six months after dismissal).  See also United States v. Hamm, 659 F.2d at 628 ("The district court may not deny a government motion to dismiss a prosecution, consented to by the defendant, except in those extraordinary cases where it appears the prosecutor is motivated by considerations clearly contrary to the manifest public interest.").  As the United States Court of Appeals for the Fifth Circuit stated in United States v. Cowan, 524 F.2d 504, 513 (5th Cir. 1975):

> The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated.  The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.

524 F.2d at 513.[2]

---

[2] During oral argument, Mr. Gorence drew the Court's attention to a case called United States v. Hudak, No. CR 02-1574 MCA, over which the Honorable M. Christine Armijo, United States District Judge for the District of New Mexico, presided.  The Court was unable to identify to what opinion in that case Mr. Gorence referred.  The only motion to dismiss that the United States

## **ANALYSIS**

Mr. Gorence argues that he is concerned that the United States could attempt to bring further charges against Wilson if the jury acquits him of Counts 2, 3, and 4. The United States, however, insists that it is dismissing Count 1 to streamline the trial by dismissing the Count which is the most remote in time, in hopes of increasing the likelihood of successfully meeting the beyond-a-reasonable-doubt burden of proof on the remaining Counts. Mr. Gorence argues that the dismissal will not streamline the case because he would then intend to present to the jury that the United States had an additional Count in the indictment that it voluntarily dismissed. Based on the United States' representations of its intent, the Court does not believe that the United States is dismissing Count 1 for the purpose of harassing Wilson in the future, and does not believe that the dismissal is contrary to manifest public interest.

The Court appreciates Wilson's concern. It is undoubtedly a frightening experience to be charged with the crimes the United States has presented against him, and the idea that it might occur again if he is successful in defending the charges the first time around must be daunting. On the other hand, the Court can understand the United States' desire to remove some of the clutter from its theory of the case and to avoid distracting the jurors with evidence of conduct occurring a year prior to the remaining charged conduct. Count 1 charges Wilson with conduct occurring between June 2007 and August 2007. Counts 2, 3, and 4 charge Wilson with conduct occurring between August 2008 and February 2009. That range of dates is a substantial period of time to cover. Especially given that the

---

filed in that case, and upon which Judge Armijo ruled, was summarily granted under what was likely the same standard set forth by the Court above. See United States v. Hudak, No. CR 02-1574 MCA, Order of Dismissal Without Prejudice, filed October 14, 2003 (Doc. 471)(granting a motion to dismiss Count 10 of the indictment "on the grounds that it is in the interest of judicial economy and made in good faith.").

United States believes the evidence of the occurrences in 2007 is not as strong, it is reasonable for the United States to prefer not to have to present all of its evidence and attempt to make a cohesive story over the course of a three-year period.

The purpose behind rule 48 is to avoid prosecutorial harassment, not to impede tactical prosecutorial decision-making. Mr. Gorence may have already done some additional work to prepare to rebut the factual allegations surrounding the June 2007-August 2007 time-frame, but that work will not be in vain if the United States subsequently charges Wilson with the conduct alleged in Count 1. Moreover, the Court has some doubt that the United States would seek to re-charge Wilson if it fails to convict him on what it appears to believe are its strongest Counts. If the stronger evidence of incidents more recent in time fails to convince a jury beyond a reasonable doubt of Wilson's guilt, it is unlikely that less-persuasive evidence of events further into the past would meet the burden. Nevertheless, it is the United States' prerogative, and the Court is hesitant to try to interfere when the usual practice is to dismiss without prejudice.

In sum, the Court finds that the United States has properly sought to dismiss a Count in the indictment without prejudice. The United States has presented a plausible, non-harassing reason for to dismiss Count 1. While the dismissal being without prejudice means that the United States could seek another indictment of Wilson on the facts alleged in Count 1, this possibility does not appear to be the United States' reason for requesting the dismissal. Because the Court does not find that dismissal of Count 1 without prejudice would be "clearly contrary to manifest public interest," and it does not appear that the United States is dismissing the Count for the purpose of harassing Wilson, the Court will grant the United States' motion and dismiss Count 1 of the superseding indictment without prejudice.

**IT IS ORDERED** that the United States' Motion to Dismiss Count 1 of the Superceding

Indictment is granted. Count 1 of the Superceding Indictment is dismissed without prejudice.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Robert J. Gorence
Louren Oliveros
Gorence & Oliveros PC
Albuquerque, New Mexico

      *Attorneys for the Defendant*