# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                    No. CR 09-1465 JB

TIMOTHY WILSON,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine Regarding Similar and Repeated Sexual Assaults, filed June 4, 2010 (Doc. 51). The Court held a hearing on June 17, 2010. The primary issue is whether the Court should, pursuant to rule 414 of the Federal Rules of Evidence, permit the United States to introduce evidence of repeated sexual assaults that Defendant Timothy Wilson committed over a two-year period against the victim, Jane Doe. The Court finds that the proffered evidence meets the requirements of rule 414 and 403. Based on the United States' concession, however, the Court will deny in part and grant in part the motion.

## FACTUAL BACKGROUND

Jane Doe was born on May 15, 2000, and thus was under the age of twelve during the entire period of the alleged offenses. She is Wilson's niece and lived next door to him during the time periods alleged in the superseding indictment. She has described repeated sexual assaults that Wilson committed over a two-year period against her when she was between seven- and eight-years old.

Jane Doe has made allegations of repeated sexual abuse. She has disclosed that, for the prior two years, while she was seven and eight years old, Wilson touched her in various sexual ways. She

disclosed that he would sometimes "dig" in her privates with his fingers.  He would perform this act by putting his hand down her pants when no one was around.  He often did this act on the couch in his house.

Jane Doe also disclosed that, on some occasions, he would bring her in a bedroom -- either his or one of his children's -- pull down her pants and panties, pull down his pants, turn her on her stomach, and touch her "privates with his privates."  She would feel something she described as weird and wet, and then he would stop.  She stated that all instances of this conduct took place at Wilson's house and when no one was around.

With regard to a time frame, Jane Doe noted that the abuse occurred while she was seven and eight, and discussed that at least one of the sexual acts involving Wilson occurred during the "summer."  She also mentioned that Wilson had engaged in this behavior a few days before she disclosed the abuse to her mother, which she did at the end of April 2009.  Later clarification of these facts allowed the United States to charge Wilson with conduct occurring within the time frame of December 2008 to February 2009.  The United States contends that there is at least a two-year window, however, during which the sexual acts occurred and that the acts occurred on a frequent, perhaps even weekly, basis.

## PROCEDURAL BACKGROUND

Wilson is charged with two counts of Abusive Sexual Contact of a minor, not yet twelve years of age, occurring on or between June 2007 and August 2007, and on or about August 2008, in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3).  Wilson is further charged with two counts of Aggravated Sexual Abuse of a minor, not yet twelve years of age, occurring on or between December 2008 and February 2009 in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(A), and 2246(2)(C).  Jane Doe is the subject of all counts of the indictment.  Wilson pled not guilty and is

proceeding to trial.

On May 8, 2009, a forensic interview was completed with Jane Doe.  During the interview, she made disclosures of uncharged abuse along with disclosures of the charged abuse.  The United States moves in limine for a pretrial order permitting it to introduce evidence of the additional sexual assaults.  Specifically, this motion requests admission, pursuant to rule 414 of the Federal Rules of Evidence, of Wilson's  repeated sexual assaults of Jane Doe over an approximate two-year period, as she has described them.

At the hearing, Robert Gorence, Wilson's attorney, raised an objection that the use of rule 414 evidence would violate Wilson's Fifth Amendment right to due process because he has not been made aware of the dates on which the uncharged conduct purportedly occurred.  Mr. Gorence appeared to be concerned about his ability to present an alibi defense if he does not know the dates on which Jane Doe will contend the alleged abuse occurred.  Assistant United States Attorney Jennifer Rozzoni argued that Jane Doe will likely be unable to mentally parse the charged conduct from the uncharged conduct, so the only way that she can limit Jane Doe's testimony to the charged conduct is by asking leading questions.  Ms. Rozzoni represented to the Court that she only needed the rule 414 evidence to fill in the time gaps, and for no other purpose.  Mr. Gorence was unsatisfied with that solution, objecting at that point to asking Jane Doe leading questions.

### LAW REGARDING 18 U.S.C. §§ 2241(c) AND 2244(a)(5)

Both statutory sections – 18 U.S.C. §§ 2241(c) and 2244(a)(5) -- are part of Chapter 109A, entitled "Sexual Abuse."  Under § 2241(c), anyone who,

> in the . . . territorial jurisdiction of the United States . . . , knowingly engages in a sexual act with another person who has not attained the age of 12 years, . . . or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

18 U.S.C. § 2241(c) (emphasis added).  Section 2244(a)(5) states, similarly, that anyone who, "in the

. . . territorial jurisdiction of the United States . . . , knowingly engages in or causes <u>sexual contact</u>

with or by another person, if so to do would violate . . . (5) subsection (c) of section 2241 of this title

had the sexual contact been a sexual act, shall be fined under this title and imprisoned for any term

of years or for life."  18 U.S.C. § 2244(a) (emphasis added).  Section 2246 of Title 18 defines "sexual

act" -- the act punishable under § 2241(c) -- as

> (A) contact between the penis and the vulva or the penis and the anus, and for
> purposes of this subparagraph contact involving the penis occurs upon penetration,
> however, slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth
> and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a
> hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade,
> or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another
> person who has not attained the age of 16 years with an intent to abuse, humiliate,
> harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2).  On the other hand, "sexual conduct," which § 2244(a)(5) prohibits, "means the

intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner

thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or

gratify the sexual desire of any person"  18 U.S.C. § 2246(3).

## <u>LAW REGARDING RULE 414</u>

Rule 414(a) of the Federal Rules of Evidence provides: "In a criminal case in which the

defendant is accused of an offense of child molestation, evidence of the defendant's commission of

another offense or offenses of child molestation is admissible, and may be considered for its bearing

on any matter to which it is relevant."  Before a court may admit evidence under rule 414, however,

it must conduct a three-part analysis and then perform a balancing test pursuant to rule 403.  See United States v. McHorse, 179 F.3d 889, 897-98 (10th Cir. 1999).  First, the court must find that the defendant "is accused of an offense of child molestation."  Id. at 898 (quoting Fed. R. Evid. 414(a)).  Rule 414 provides that "an offense of child molestation" includes those offenses found in Chapter 109A of Title 18.  Next, the court must find "that the proffered evidence is 'evidence of the defendant's commission of another offense or offenses of child molestation.'"  United States v. McHorse, 179 F.3d at 898 (quoting Fed. R. Evid. 414(a)).  Finally, the court must find that the evidence sought to be introduced is relevant.  See United States v. McHorse, 179 F.3d at 898 (citing United States v. Guardia, 135 F.3d 1326, 1328, 1331 (10th Cir. 1998)).  After a determination that the prior acts meet the requirements of rule 414, a balancing test under rule 403 is necessary.  United States v. McHorse, 179 F.3d at 898 (citing United States v. Meacham, 115 F.3d 1488, 1495 (10th Cir. 1997)).

Society places a heavy stigma upon those accused of sex crimes, and the Court must, therefore, "take into account the chance that 'a jury will convict for crimes other than those charged -- or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment.'" United States v. Castillo, 140 F.3d 874, 882 (10th Cir. 1998)(quoting Old Chief v. United States, 519 U.S. 172, 181 (1997)).  A court thus has a special duty to ensure that the evidence is probative and to weigh the evidence's probative value against its prejudicial effect to the defendant: "[A] court must perform the same 403 analysis that it does in any other context, but with careful attention to both the significant probative value and the strong prejudicial qualities inherent in all evidence submitted under [rule 414]."  United States v. Guardia, 135 F.3d at 1330 (analyzing rule 413).  Even though courts are to apply the 403 balancing test, courts are to "liberally" admit evidence of prior offenses under rule 414.  See United States v. Meacham, 115 F.3d at 1492 ("Rule 403 balancing is still

applicable, but clearly under Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses." (citation omitted)).

The Tenth Circuit has recognized that the court must consider the following when performing a rule 403 balancing in the rule 414 context: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." United States v. McHorse, 179 F.3d at 898 (quoting United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998)).  "No single factor is dispositive."  United States v. Velarde, 88 Fed. Appx. 339, 343, 2004 WL 304342, at *3 (10th Cir. 2004)(citing United States v. Mann, 193 F.3d 1172, 1174-75 (10th Cir. 1999)).  The first factor requires the district court to "make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the prior similar sexual act occurred." United States v. Mann, 193 F.3d at 1174 (citation omitted)(internal quotations omitted).  See United States v. McHorse, 179 F.3d at 899 (finding that court properly concluded that the government had established the defendant's prior acts with evidence sufficient to support a finding by a preponderance that the defendant had in fact committed those acts)(citing United States v. Enjady, 134 F.3d at 1433).  When analyzing the probative dangers, a court needs to consider: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." Id. at 898 (citation omitted).  Finally, when admitting evidence under rule 414, the court must "make a reasoned, recorded" statement of its rule-403 decision.  See United States v. Castillo, 140 F.3d at 884 (citation omitted).

## LAW REGARDING RULE 403

Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."   Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice.   See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989).   "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]."   United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991))(emphasis in original).   The United States Court of Appeals for the Tenth Circuit has recently reminded the district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly."   See United States v. Smalls, No. 09-2126, 2010 WL 1745123, at **16-17 (10th Cir. May 3, 2010) (quoting United States v. Tan, 254 F.3d 1204, 1211 (10th Cir. 2001)).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's discretion to balance possible unfair prejudice against probative value is broad, see United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983); United States v. Masters, 622 F.2d 83, 87-88 (4th Cir. 1980).   As the Supreme Court of the United States recently noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings . . . .   This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(quoting 1 S. Childress & M. Davis, Federal Standards of Review § 4.02, at 4-16 (3d ed. 1999)).   See United States v. Abel, 469

U.S. 45, 54 (1984)("Assessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .").

Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or otherwise tends to adversely affect the jury's attitude toward the defendant, wholly apart from its judgment as to his guilt or innocence of the crime charged. See United States v. Rodriguez, 192 F.2d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial simply because it damages a case. See United States v. Caraway, 543 F.3d 1290, 1301 (10th Cir. 2008); United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003); United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991). Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Caraway, 453 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee's note)(emphasis in original).

## ANALYSIS

The proffered evidence meets rule 414's three-part test. The evidence also is more probative than unduly prejudicial. Accordingly, the Court finds the testimony of other, uncharged sexual abuse is admissible. The Court will, however, limit the United States' use of the evidence based on its representation that it is unnecessary if the Court allows the United States to ask leading questions.

## I.      THE PROFFERED EVIDENCE SATISFIES RULE 414'S THREE-PART TEST.

There is no dispute that the indictment charges the crime of sexual abuse of a minor. There is also no dispute that the proffered evidence is evidence of Wilson's commission of another offense of child molestation. The Court also finds that the testimony that the United States seeks to elicit is relevant.

A.      THE INDICTMENT CHARGES SEXUAL ABUSE OF A MINOR.

Wilson is charged with violating 18 U.S.C. §§ 2241(c) and 2245(a)(5).  Thus, it is undisputed that Wilson "is accused of an offense of child molestation."  United States v. McHorse, 179 F.3d at 898 (quoting Fed. R. Evid. 414(a)).  Accordingly, the first prong of the three-part test is met.

B.      THE PROFFERED EVIDENCE IS EVIDENCE OF WILSON'S COMMISSION OF ANOTHER OFFENSE OF CHILD MOLESTATION.

The evidence that the United States seeks to admit involves Wilson's repeated molestation of Jane Doe over an approximately two-year period.  Accordingly, "the proffered evidence is 'evidence of the defendant's commission of another offense or offenses of child molestation.'" United States v. McHorse, 179 F.3d at 898.  The evidence thus satisfies the second prong of the three-part test.

C.      THE PROFFERED EVIDENCE IS RELEVANT.

The evidence that the United States seeks to admit is relevant in that it "certainly indicates that defendant has a propensity to sexually abuse young girls."  Id.  The evidence is also relevant in that it:  (i) corroborates Jane Doe's accusations, see, e.g., United States v. Charley, 189 F.3d 1251, 1260 (10th Cir. 1999); (ii) demonstrates that Wilson abused Jane Doe in similar ways on multiple occasions, see, e.g., United States v. McHorse, 179 F.3d at 898; and (iii) shows that he abuses Jane Doe during times when his chances of being caught by other adults is reduced, see id.  Moreover, that the uncharged conduct was aimed at the same victim as the charged conduct does not significantly impact the 414 or relevance analyses.  See United States v. Fred, No. CR 05-801 JB, 2006 WL 4079618, at *5-6 (D.N.M. Dec. 1, 2006)(Browning, J.)(citing United States v. Tail, 459 F.3d 854, 858 (8th Cir. 2006)("The [prior] conviction was probative because it involved the same victim and an act that occurred close in time and under circumstances similar to the crime charged in this case."),

-9-

and <u>United States v. Castillo</u>, 188 F.3d 519 (Table), 1999 WL 569054, at *3 (10th Cir. Aug. 4, 1999)("Evidence that the charged offense was part of a broader pattern of molestation may be important to put the charge in perspective[, and thus] the uncharged acts were probative of establishing Defendant's specific inclination or disposition to engage in acts of sexual abuse against his daughters.")(internal alterations, quotations, and citations omitted)).  Thus, the evidence is relevant and meets rule 414's three-part test set forth in <u>United States v. McHorse</u>.

**II.      THE PROFFERED EVIDENCE IS ADMISSIBLE UNDER RULE 403.**

Based on the proffered evidence, the jury would be assisted in finding, by a preponderance of the evidence, that Wilson committed the other acts of child abuse.  As to the charged incidents, Jane Doe's testimony will prove, if it is proven at all, her abuse.  Other evidence will be needed to corroborate her testimony.  The United States includes in its proffered evidence statements that Jane Doe made to a medical provider and at least one eye witness.

Additional abuse will be integrated into her testimony regarding the charged abuse just as it was when she disclosed the many instances of abuse to the forensic interviewer.  The evidence is probative of Wilson's propensity to abuse Jane Doe in a repeated and systematic manner.  <u>See</u>, <u>e.g.</u>, Fed. R. Evid. 413 advisory committee's note (statement of Rep. Susan Molinari)(supporting rule 414 because, in part, child abuse "cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration.  In such cases, there is a compelling public interest in admitting all significant evidence that will illumine the credibility of the charge and any denial by the defense.").  Other than Jane Doe's testimony of these other instances, there would be no evidence of the systemic nature of the abuse.

The Court assumes, so close to trial, that Wilson disputes that he sexually abused Jane Doe.  This dispute does not mean, however, that the Court should exclude rule 414 evidence.  The other

-10-

factors weigh in favor of admission.  The United States cannot reasonably avail itself of any less prejudicial evidence regarding: (i) the fact that Wilson engaged in repeated sexual acts with the young victim; (ii) that he viewed a family member as a suitable object of his sexual aggression; and (iii) that he lacked effective inhibitions in his home to control his aggression.  See United States v. Mann, 193 F.3d at 1175.  Finally, "probative dangers" do not exist to any material degree in this case. With an appropriate jury instruction, such as the one that the court used in United States v. McHorse, and which the United States will no doubt submit in this case, the chance that the proffered evidence will contribute to an improperly based verdict is significantly reduced.  Such an instruction will also focus the jury so that the rule 414 evidence will not distract the jury from the central issues of the trial.  Relatively little trial time will be consumed proving the rule 414 evidence, because it will be an integral part of the story that Jane Doe will convey in her direct-examination testimony. Moreover, the Court seriously questions how much additional prejudice it could cause to allow the victim to testify, for example, that she was abused a dozen times rather than a half-dozen.

It may be difficult for Wilson to establish an alibi for each uncharged occurrence that Jane Doe might suggest, but Wilson need only establish his alibi defense as to the charged instances.  The Court will undoubtedly instruct the jury that it may not convict Wilson based on uncharged conduct. The Court thus does not find that the testimony's imprecision warrants a finding that its probative value is substantially outweighed by its prejudicial effect.

The special factors the Court must weigh in its rule 403 analysis when addressing the admissibility of evidence under rule 414 also counsel in favor of allowing Jane Doe to testify as to the uncharged conduct.  Those factors are: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence."

United States v. McHorse, 179 F.3d at 898 (quoting United States v. Enjady, 134 F.3d at 1433). First, the uncharged conduct can likely be proved by a preponderance of the evidence, given that it will be corroborated by Jane Doe's testimony regarding the charged conduct as well as the possible testimony of a medical examiner and an eye-witness.  See Motion ¶¶ 8-9, at 4-5.  The Court has already concluded that the uncharged conduct is relevant, and the Court finds its probative value to be fairly strong.  The material fact at issue is whether Wilson sexually abused Jane Doe, and Wilson vigorously disputes these allegations.  Finally, although there is some evidence of Wilson's guilt other than the testimony of uncharged conduct -- i.e., the Jane Doe's testimony regarding the charged conduct, and the corroboration by the eye-witness and the medical examiner -- the United States is burdened with proving their allegations of charged conduct beyond a reasonable doubt.  The Court does not think the availability of other evidence tending to establish Wilson's guilt is sufficient to outweigh the other factors and the United States' interest in maximizing its evidence against Wilson. The Court thus finds the factors weigh in favor of allowing Jane Doe's testimony under rule 414.[1]

### III.   ADMITTING   THE   TESTIMONY   WILL   NOT   VIOLATE   WILSON'S CONSTITUTIONAL RIGHT TO DUE PROCESS.

The Court is also not persuaded by Mr. Gorence's constitutional challenge.  Although the Court has found no cases discussing the notice-based due-process challenge Mr. Gorence argued during the hearing, but the Court has found several cases from the Tenth Circuit confirming the constitutionality of rule 414 in the context of due-process challenges.  See United States v. Velarde, 214 F.3d 1204, 1212 (10th Cir. 2000)("A panel of this court has recently upheld the constitutionality

---

[1] The Court also notes that it could be difficult, if not impossible, to control Jane Doe's testimony and reasonably limit it to conduct occurring only during the charged time period. Children often have little or no concept of the passage of time, and Jane Doe would be unlikely to be able to comply if instructed not to talk about things that happened outside the charged period.

of Rule 414 and the admission of evidence of prior offenses of child molestation pursuant thereto.")(citing United States v. Charley, 189 F.3d 1251, 1259-60 (10th Cir. 1999); United States v. Castillo, 140 F.3d 874, 883-84 (10th Cir. 1998)); United States v. Charley, 189 F.3d at 1259 ("We recently held that Rule 414 is not unconstitutional on its face, 'because Rule 403 applies to Rule 414 evidence,' and '[a]pplication of Rule 403 . . . should always result in the exclusion of evidence that' is so prejudicial that it violates a defendant's due process right to a fair trial.")(quoting United States v. Castillo, 140 F.3d at 883-84); United States v. McHorse, 179 F.3d at 896 ("[W]e conclude that the Rule 414(a) evidence relating to Defendant's sexual abuse of Jane Does D and E was not so prejudicial as to violate the due process protections of the Fifth Amendment."); United States v. Charley, 176 F.3d at 1272 ("We recently held that Rule 414 is not unconstitutional on its face[.]"); United States v. Mann, 145 F.3d 1347 (Table), 1998 WL 171845, at *1 (10th Cir. Apr. 13, 1998) ("[W]e found that Rule 414 violates neither the Due Process Clause of the Fifth Amendment[.]"); United States v. Castillo, 140 F.3d at 883-84. But see United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998)("[W]ithout the safeguards embodied in Rule 403 we would hold the rule unconstitutional"). The Court has found that the suggested rule 414 testimony fits the three-part test for application of rule 414, and that its prejudicial effect is not substantially outweighed by its probative value. While Jane Doe's lack of specific dates presents a challenge to Wilson and for his alibi defense, the problem may be of his doing. If he, in fact, abused her on a weekly basis, as she apparently will testify, a credible alibi defense may be unfeasible. The Court cannot, and should not, assume his version of events, and exclude her testimony. In any case, Wilson's concerns and criticisms about the lack of specificity go more to the weight of Jane Doe's evidence, and he and his counsel can show the weaknesses of her testimony during cross-examination while pointing out her lack of specificity. The Court does not think the lack of specificity rises to the level of a due-process

violation requiring that the Court exclude her testimony about the rule 414 conduct entirely.  The

Court thus finds that the testimony would not violate Wilson's Fifth Amendment Due Process right.

**IV.    ALTHOUGH THE EVIDENCE IS ADMISSIBLE UNDER RULE 414, THE COURT WILL DENY THE MOTION IN PART BASED ON THE UNITED STATES' CONCESSION.**

Accordingly, the evidence is admissible pursuant to rule 414.  Moreover, its probative value

outweighs any prejudice under rule 403's balancing test as the Tenth Circuit has enunciated that task.

The United States, however, conceded during the hearing that it would not need the rule 414 evidence

if it was allowed to ask leading questions regarding the timing of events.  Ms. Rozzoni represented

to the Court that the only reason the United States wanted to introduce the rule 414 evidence was

because, if left to her own devices, Jane Doe would simply testify that Wilson's abuse occurred on

a weekly basis when she was seven and eight years old.  Because some of that time falls outside the

period of time charged in the indictment, the United States wanted to ensure that the Court would

allow such testimony.  She stated, however, that the United States would not need that testimony if

Ms. Rozzoni was permitted to ask a leading question during this portion of Jane Doe's direct

examination.  See Transcript of Hearing at 41:5-42:4 (taken June 17, 2010)(Court, Rozzoni)("I would

have to ask her, . . . 'did these events happen during your third grade basketball season?' would be

how it would be framed.").[2]  Wilson objects, however, to the United States' use of leading questions.

The Court will not tie the United States' hands in the way Wilson requests.  If the Court bars

both the requested rule 414 evidence and leading questions, the United States would be essentially

barred from presenting the victim's testimony.  If the Court accepts Wilson's position, the following

would probably transpire: Jane Doe would testify, the United States would ask non-leading questions,

---

[2] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Jane Doe's testimony would stray into conduct occurring outside the period of time specified in the indictment, and then Mr. Gorence would object, move to strike, move for a mistrial based on the prejudice such testimony had on the mind of the jury, and then, if necessary, appeal on this ground. The Court will therefore leave it to Mr. Gorence to decide which of the two evils he would prefer. The Court will require the United States to avoid any rule 414 evidence during direct examination until it reaches the issue of timing -- when Wilson's sexual abuse allegedly occurred. At that time, Ms. Rozzoni will ask a leading question or questions regarding the time-frame in which the alleged abuse occurred, purposefully limiting Jane Doe's testimony to the time periods charged in the indictment, and Mr. Gorence will have to decide whether to object. If he objects, the Court will decide at that time, in the context of all the evidence to date, and of how Jane Doe is performing in the courtroom, whether to sustain the objection. If the Court allows Ms. Rozzoni to ask only non-leading questions, the Court will overrule any remaining or subsequent objections to the admission of rule 414 evidence that Jane Doe proffers. If the Court overrules Mr. Gorence's objection to one or a few leading questions on the time period, the Court will permit the leading question on the time-frame issue, and preclude the admission of the rule 414 evidence.

**IT IS ORDERED** that the United States' Motion in Limine Regarding Similar and Repeated Sexual Assaults is granted in part and denied in part. The United States must attempt to avoid the introduction of the rule 414 evidence by the use of a leading question or questions about the time period of the charged conduct, but if the Defendant objects to that question or questions, or Jane Doe does not give a favorable or predictable response, the United States may then introduce its rule 414 evidence.

_____
UNITED STATES DISTRICT JUDGE

-15-

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Robert J. Gorence
Louren Oliveros
Gorence & Oliveros PC
Albuquerque, New Mexico

      *Attorneys for the Defendant*