**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                           No. CR 09-1465 JB

TIMOTHY WILSON,

    Defendant.

**ORDER**

**THIS MATTER** comes before the Court on the United States' Motion *in Limine* Requesting Leave to Use Leading Questions, filed June 7, 2010 (Doc. 60).  The Court held a hearing on June 17, 2010.  The primary issue is whether the Court should grant the United States permission to ask the minor victim, Jane Doe, leading questions during her direct examination.  For the reasons stated on the record, and for further reasons consistent with those already stated, the Court finds that giving the United States blanket authority at this time to ask leading questions is inappropriate, and will thus grant in part and deny in part the motion.

Rather than giving the United States carte blanche to ask leading questions, or prohibiting them entirely, the Court must decide in the context of the trial, examination, and testimony whether the leading questions are appropriate.  The Court will allow the United States to use leading questions in a limited fashion if it becomes necessary to do so.  More specifically, the United States may use leading questions if it is necessary to do so because the minor witness has problems or becomes hesitant to answer questions.

While the witness' performance will, to some degree, determine whether and to what extent

leading questions will be proper. In an effort to give the parties as much guidance as possible, the United States will need to seek to elicit testimony on central issues without the use of leading questions. For example, on the central issues, the United States must begin by asking Jane Doe non-leading questions. When the United States is establishing the elements of the charged offense through Jane Doe, the Court will need to hear testimony from the witness' mouth, as much as is reasonably possible, rather than from the attorneys. The Court and parties will see how Jane Doe performs. If Jane Doe has problems testifying, or if she becomes hesitant to answer questions, the United States may ask leading questions. Wilson can then decide to object, and the Court will decide whether it is time to allow leading questions. The Court believes that, to get a comprehensive view of the circumstances and facts of the case, the jury needs to see Jane Doe having some difficulty testifying before the United States is entitled to ask leading questions. On the other hand, if Jane Doe is experiencing trauma from testifying, the Court would prefer not to wait until she is so flustered or self-conscious that she will not testify at all before allowing the United States to lead her through her testimony. In other words, the United States does not need to wait until she is in trouble or in danger of shutting down to begin to ask leading questions.

The Court's ruling on this motion does not extend to questions of a nature in which leading is generally permitted, such as background information or fine details. The United States may make limited use of leading questions at the beginning, partially to make the young witness feel comfortable in the courtroom, and to introduce new, and perhaps difficult, areas of examination. As the testimony progresses, however, Wilson's counsel can raise his objections if he feels the United States is using leading questions in a manner that exceeds the scope and spirit of what the Court has described in this order. The Court will determine at that time whether the jury has had a sufficient opportunity to observe Jane Doe's difficulty in testifying or if the United States must make further

efforts to obtain her testimony through non-leading questions.

**IT IS ORDERED** that the Motion *in Limine* Requesting Leave to Use Leading Questions is granted in part and denied in part, consistent with the directions in this order. The Court will not give the united States a blanket allowance, before trial, to ask Jane Doe leading questions, but will allow them consistent with this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Robert J. Gorence
Louren Oliveros
Gorence & Oliveros PC
Albuquerque, New Mexico

    *Attorneys for the Defendant*