IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                          No. CR 09-1465 JB

TIMOTHY WILSON,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b), filed June 7, 2010 (Doc. 58). The Court held a hearing on June 17, 2010. The primary issue is whether the Court should allow Plaintiff United States of America to introduce evidence of two prior instances of wrongful conduct by Defendant Timothy Wilson to rebut a defense the United States predicts Wilson will raise. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will allow the United States' proposed evidence in rebuttal only if Wilson opens the door by presenting a physical-incapability defense. Even if Wilson opens the door, the United States may introduce such evidence only to the extent described in this order.

As the United States concedes by its Notice, the evidence it intends to introduce -- a prior charge of resisting arrest and a prior arrest for public intoxication -- constitutes bad character evidence, which is inadmissible unless proffered for a proper purpose under rule 404(b) of the Federal Rules of Evidence. If Wilson presents the defense that "he was too sick or physically incapable of engaging in the crimes charged," Notice of Intent to Introduce Evidence Pursuant to

Federal Rule of Evidence 404(b) at 2, filed June 7, 2010 (Doc. 58), as the United States predicts, the evidence that the United States wants to introduce, which involves wrestling with a police officer and dragging a person along the ground, would be relevant to rebut that defense, and thus admissible under rule 404(b). Bob Gorence, Wilson's attorney, represented that he does not intend to argue that Wilson was physically incapable of engaging in the crime charged. See Transcript of Hearing at 5:25-7:21, 8:14-20 (taken June 17, 2010)("Tr.")(Court, Gorence).[1] If Mr. Gorence is true to his representation, as the Court has every reason to believe will be the case, the United States' asserted basis for admitting evidence of prior bad conduct by Wilson is undermined, and the Court will exclude the evidence under rule 404. Assistant United States Attorney Jennifer Rozzoni agreed with the Court and Mr. Gorence that, unless Mr. Gorence changes his position and presents the defense that Wilson was physically incapable of the alleged conduct, the 404(b) evidence is unnecessary. See Tr. at 11:10-12:15 (Court, Rozzoni).

If Wilson does not present the defense that he was physically incapable of committing the charged acts, the Court will exclude the evidence the United States seeks to admit. If, however, Wilson opens the door to that evidence by presenting evidence or argument to the effect that he was physically unable to commit the crime charged, the United States is entitled to present the evidence in rebuttal. The Court will limit, however, the quantity and quality of the evidence of Wilson's extrinsic acts that it will permit the United States to introduce in rebuttal. If Wilson opens the door to evidence of these prior occurrences, the Court will allow the United States to touch on them only briefly. With respect to the instance of resisting arrest, the United States should present testimony only that, in a prior event: (i) Navajo Nation Police Officer Jerrick Curley watched Wilson walk back

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

and forth with his fists clenched; (ii) Wilson walked away from officer Curley; (iii) Wilson attempted to pull out of Curley's control; and (iv) Curley was forced to restrain Wilson. With respect to the public-intoxication incident, the United States should limit its evidence to the physical conduct involved. Navajo Nation Police Officer Brenda Harrison came across Wilson's pickup truck, and he was found intoxicated in the front passenger seat of the vehicle. The United States' witnesses should avoid testifying to the nature of the underlying criminal conduct, i.e., the witnesses should not mention domestic violence or public intoxication. With those caveats, if Wilson opens the door to the 404(b) evidence, the United States may introduce it in rebuttal.

**IT IS ORDERED** that the request to introduce 404(b) evidence in Plaintiff United States of America's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) is conditionally denied. The United States shall introduce such evidence only if Defendant Timothy Wilson opens the door to that evidence, and only to the limited extent allowed in this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Robert J. Gorence
Louren Oliveros
Gorence & Oliveros PC
Albuquerque, New Mexico

    *Attorneys for the Defendant*