IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                            No. CR 09-1465 JB

TIMOTHY WILSON,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the United States' Notice of Intent to Call Expert Witness, filed June 7, 2010 (Doc. 59); (ii) the Objections to the Government's Designation of Expert Testimony of Physician's Assistant Kathryn Barrett, fled June 17, 2010 (Doc. 71); and (iii) Timothy Wilson's Motion for Daubert Hearing and to Exclude Evidence Pursuant to Fed. R. Evid. 402 and 403, filed June 17, 2010 (Doc. 72).  The primary issues are: (i) whether the Court should hold a hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); and (ii) whether the Court should exclude the testimony of Kathryn Barrett, a physician's assistant and witness for the United States, under rule 402 or 403 of the Federal Rules of Evidence.

The United States' notice indicates that it intends to call Barrett to "testify as to her examination and evaluation of Jane Doe on May 29, 2009 and any conclusions resulting therefrom." Notice of Intent to Call Expert Witness at 1.  Based both on the untimeliness of the United States' expert designation and the alleged lack of qualifications of Barrett, Defendant Timothy Wilson challenges the United States' introduction of Barrett as an expert witness.  He further requests that, if the Court considers the United States' proffer of an expert timely, that the Court hold a Daubert

hearing at which he will challenge the appropriateness of accepting Barrett's opinions as expert testimony.

At the hearing, the United States represented that it was acting in an abundance of caution when it attempted to designate Barrett as an expert, and stated that she would be testifying only as to facts she has observed during her examination of Jane Doe and her experience performing similar examinations on other girls. See Transcript of Hearing at 20:16-21:2 (taken June 17, 2010)("Tr.") (Rozzoni).[1] Initially, the Assistant United States Attorney, Jennifer Rozzoni, proposed the following. She would begin by asking the usual set-up questions regarding Barrett's background and experience performing forensic examinations on young girls. She would then ask about her observations while examining Jane Doe in this case. From his briefing and arguments at the hearing, Mr. Gorence appears to have no objections to these questions. She expects Barrett to testify that, in this case, there was no evidence of physical trauma to Jane Doe. Ms. Rozzoni proposed that she would then ask the following three questions: (i) whether the lack of evidence of physical trauma showed conclusively that a sexual assault occurred; (ii) whether the lack of physical trauma showed conclusively that a sexual assault did not occur; and (iii) whether it would be unusual for there to be an assault and yet there be no evidence of physical trauma. See Tr. at 20:16-22:6 (Court, Rozzoni).

It was with the third query that Mr. Gorence took issue. Mr. Gorence withdrew his request for a Daubert hearing once Ms. Rozzoni proposed limiting the questions to the following two: (i) whether the lack of physical findings told Barrett that a sexual assault occurred; and (ii) whether the lack of physical findings told Barrett that a sexual assault did not occur. See Tr. at 72:21-74:6 (Court, Rozzoni, Burkhead, Gorence). The Court finds that this limitation on Barrett's testimony obviates

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the United States' need to designate her as an expert witness. Thus, for the reasons stated on the record, and for further reasons consistent with those already stated, the Court will deny Wilson's motion for Daubert hearing and to exclude Barrett's testimony, and will overrule as moot Wilson's objections to the United States' designation of Barrett as an expert witness.[2] Based upon the United States' representations and the agreement of the parties during the hearing, the Court will also disregard the United States' designation of Barrett as an expert witness.

**IT IS ORDERED** that: (i) the Objections to the Government's Designation of Expert Testimony of Physician's Assistant Kathryn Barrett (Doc. 71) are overruled as moot; (ii) Timothy Wilson's Motion for <u>Daubert</u> Hearing and to Exclude Evidence Pursuant to Fed. R. Evid. 402 and 403 (Doc. 72) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

---

[2] Although neither party addressed Wilson's rule 402 and rule 403 arguments for exclusion of Barrett's testimony, the Court finds the testimony to be relevant and, especially given its limited nature, does not find that its potential prejudicial effect substantially outweighs its probative value. The Court will therefore not exclude the testimony on the basis of rules 402 or 403 of the Federal Rules of Evidence.

Robert J. Gorence
Louren Oliveros
Gorence & Oliveros PC
Albuquerque, New Mexico

    *Attorneys for the Defendant*