IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                                                               No. CR 09-1465 JB

TIMOTHY WILSON,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Objections to the Government's Jury Instructions, filed June 18, 2010 (Doc. 79)("Objections"). The primary issue is whether the Court should sustain the objections that Defendant Timothy Wilson raises to Plaintiff United States of America's proposed jury instructions. For the reasons stated on the record, the reasons stated in this Order, and for further reasons consistent with those already stated, the Court will sustain in part and overrule in part Wilson's objections.

       **1.**       **Wilson's Objection to Requested Instruction No. 4.**

The United States' Requested Instruction No. 4 describes the Counts in the indictment. Wilson objects to this instruction because, he argues, the reference to the indictment is incomplete in that it omits Count 1 of the Superceding Indictment. See Objections ¶ 1, at 1. On June 18, 2010, the Court issued a Memorandum Opinion and Order (Doc. 82), in which it granted the United States' motion to dismiss Count 1 of the Superceding Indictment without prejudice. Based upon that Memorandum Opinion and Order, the United States' instruction, which omits Count 1 of the Superceding Indictment, is not incomplete. The Court does not see any sound reason that the entire Superceding Indictment should be included, as including counts that the Court has dismissed could

create confusion in the instructions. Wilson's counsel told the jury in his opening statement that the United States had dismissed one of the counts it initially brought against him, so the jury has a complete picture of the proceeding. The instructions, however, should remain as simple and uncluttered as possible, and the Court should avoid putting its thumb on the scales and highlight facts in the record favorable to only one side. The Court will thus overrule this objection.

### 2. Wilson's Objection to Requested Instruction No. 10.

The United States' Requested Instruction No. 10 states: "You are instructed, as a matter of law, that the land within the exterior boundaries of the Navajo Nation is Indian Country." Wilson objected to this instruction on the ground that he has not stipulated to this element of the crimes with which he is charged. As the Court discussed with the parties, the issue where Wilson committed the acts alleged is a question of fact, whereas the issue whether that physical location is situated in Indian Country is a question of law for the Court to decide. See United States v. Stands, 105 F.3d 1565, 1575-76 (8th Cir. 1997)(holding that, while physical location of alleged crime is a question of fact, whether that location is in Indian Country is a question of law for the Court to decide)(citing United States v. Cook, 922 F.2d 1026, 1031-32 (2d Cir. 1991); United States v. Sohappy, 770 F.2d 816, 822 n.6 (9th Cir. 1985); United States v. Levesque, 681 F.2d 75, 78-79 (1st Cir. 1982)). The Court sustains in part and overrules in part this objection, will not give the instruction as the United States requests, and will instead give this instruction:

> You have been instructed that, to convict Mr. Wilson on Count 1, 2, or 3 of the Indictment, you must find beyond a reasonable doubt that Mr. Wilson committed the acts alleged in Indian Country. You are instructed that, if you find beyond a reasonable doubt that Mr. Wilson committed the alleged crimes within the geographic boundaries of the Navajo Nation, you have likewise found beyond a reasonable doubt that Mr. Wilson committed the alleged crimes in Indian Country.

Court's Third Proposed Set of Jury Instructions, Instruction No. 19, at 21, filed June 22, 2010

(Doc. 94).

### 3. Wilson's Objection to Requested Instruction No. 12.

The United States' Requested Instruction No. 12 informs the jury that, while the United States is required to prove the approximate date on which the alleged offense occurred, it "does not have to prove that the crimes were committed on an exact date." The United States' proposed instruction is a modified version of the Tenth Circuit's Pattern Criminal Jury Instruction No. 1.18, at 33 (Feb. 2005)(**ON OR ABOUT**). Wilson objects to this instruction on the ground that it makes it difficult or impossible for him to present an alibi defense. Because the Court finds that the instruction, as the United States has requested it, will unduly prejudice Wilson in his alibi defense, the Court will sustain Wilson's objection in part. Because the Court agrees with the United States that it is not required to prove the precise date on which the offense was committed, however, the Court will also overrule the objection in part. An "on or about" instruction is appropriate -- particularly in a case with a key witness who is very young and may struggle to grasp the concept of time. Rather than adopt the United States' instruction, the Court will give the following:

> You will note that Count 1 of the indictment charges that the crime was committed on or about August 2008, and Counts 2 and 3 charge that the crimes were committed on or between December 2008 and February 2009. The government must prove beyond a reasonable doubt that Mr. Wilson committed the crimes reasonably near the dates stated for the crimes charged in the indictment.

Court's Third Proposed Set of Jury Instructions, Instruction No. 16, at 18. This instruction is also modeled after the Tenth Circuit's Pattern Criminal Jury Instruction No. 1.18, at 33 (Feb. 2005)(**ON OR ABOUT**), but with less modification than the United States' proposed instruction. Moreover, the Court has added, as the next jury instruction, an alibi instruction, stating:

> Evidence has been introduced tending to establish an alibi -- that Mr. Wilson was not present at the time when, or at the place where, Mr. Wilson is alleged to have committed the offense charged in the indictment.

> The government has the burden of proving that Mr. Wilson was present at that time and place. Unless the government proves this beyond a reasonable doubt, you must find Mr. Wilson not guilty.

Court's Third Proposed Set of Jury Instructions, Instruction No. 17, at 19.  This alibi instruction is modeled after the Tenth Circuit's Pattern Criminal Jury Instruction No. 1.35, at 58 (Feb. 2005) (**DEFENDANT'S NON–INVOLVEMENT (ALIBI)**).  The Court's modification of the on-or-about instruction and the addition of an alibi instruction alleviates the prejudice about which Wilson complains, but gives the United States the instruction it needs, given the lack of specific dates from the alleged victim in this case.  In sum, it does not preclude or destroy Wilson's alibi defense.

### 4. Wilson's Objection to Requested Instruction No. 13.

The United States' Requested Instruction No. 13 refers to the testimony of Kathryn Barrett, a physician's assistant, and instructs the jury how to weigh that testimony.  The United States models its instruction on the Fifth Circuit's Pattern Jury Instruction Number 1.17 (2001).  Wilson objects to the instruction on the ground that it is an instruction on expert/opinion testimony and that the United States has stipulated that it will not attempt to elicit opinion testimony from Barrett.  The Court expects that Barrett might, to some extent, still interject and offer her opinion into her testimony at times.  For example, while the parties have agreed to eliminate some of Barrett's proposed opinions, she still will testify that: (i) the lack of physical findings on Jane Doe did not tell Barrett that a sexual assault had occurred; and (ii) the lack of physical findings did not tell Barrett that a sexual assault did not occur.  See Memorandum Opinion and Order at 2, filed June 20, 2010 (Doc. 89)("Ms. Rozzoni proposed limiting the questions to the following two: (i) whether the lack of physical findings told Barrett that a sexual assault occurred; and (ii) whether the lack of physical findings told Barrett that a sexual assault did not occur.").  Moreover, Barrett will be testifying based on her specialized knowledge, and thus the instruction is not entirely inappropriate.  The Court will

sustain the objection in part, however, and change the instruction to the following:

> During the trial you heard the testimony of Kathryn Barrett, PA, who expressed opinions concerning her physical examination of Jane Doe.  In some cases, such as this one, scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.
>
> You are not required to accept such an opinion.  You should consider opinion testimony just as you consider any other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Court's Third Proposed Set of Jury Instructions, Instruction No. 7, at 8.  The instruction is modeled after the Tenth Circuit's Pattern Criminal Jury Instruction No. 1.17, at 32 (Feb. 2005)(**EXPERT WITNESS**).  With that instruction, and the Court's Memorandum Opinion and Order eliminating some of Barrett's opinions, the Court has narrowed Barrett's role to proper opinion testimony.

### 5. Wilson's Objection to Requested Instruction No. 15.

The United States' Requested Instruction No. 15 deals with Wilson's mental state and instructs the jury that it may infer that a person "intends the natural and probable consequences of acts knowingly done or knowingly omitted."  Wilson objects to this instruction because it is potentially confusing to the jury and because it is unnecessary.  He asserts that the Court should not give an instruction on "knowingly," but, if the Court desires to instruct the jury on Wilson's state of mind, it should use the Tenth Circuit's Pattern Criminal Jury Instruction defining the term "knowingly."  The Court largely agrees with Wilson and sustains this objection in part, but believes some instruction is appropriate.  The Court will not give the instruction that the United States requests, but will instruct the jury that, "[w]hen the word 'knowingly' is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident."

Court's Third Proposed Set of Jury Instructions, Instruction No. 7, at 8.  This language is drawn directly from Tenth Circuit Pattern Criminal Jury Instruction No. 1.37, at 61 (Feb. 2005) (**KNOWINGLY—DELIBERATE IGNORANCE**).  Because the rest of the Tenth Circuit's pattern instruction deals with the deliberate-ignorance standard, and the United States has not introduced evidence of deliberate ignorance, the Court will eliminate those sentences from the pattern instruction.  The Court's instruction provides a simple, straightforward definition of this essential element of all counts in the Superceding Indictment.  This is not a case where intent is a serious issue; the issue is whether Wilson did what the United States accuses him of doing.  Dwelling on intent is unnecessary and could invite questions that could confuse and prolong deliberations.

### 6. Wilson's Objection to Requested Instruction No. 16.

The United States' Requested Instruction No. 16 states: "The testimony of a victim of criminal sexual conduct need not be corroborated if the victim is believed beyond a reasonable doubt."  Wilson objects to this instruction because, he asserts, it is unnecessary and places improper emphasis on the weight the jury should give to the alleged victim's testimony.  The Court agrees.  The Court will be instructing the jury on the burden of proof and the quantum of proof necessary to convict Wilson of the crimes with which he is charged, and the jury's role as fact-finder and the judge of the credibility of witnesses.  The United States' proposed instruction is unnecessary.  The Court does not want to put its thumb on the scales and unnecessarily highlight one category of evidence that is particularly helpful to one side.  The instruction places an undue emphasis on the weight the jury should give the alleged victim's testimony, which presumably will be beneficial to the United States and detrimental to Wilson.  The Court thus sustains Wilson's objection to the United States' Requested Instruction No. 16.

**7.     Wilson's Objection to Requested Instruction No. 21.**

Finally, the United States' Requested Instruction No. 21 informs the jury that, because Wilson is charged with an act of child molestation, the United States can present evidence of other offenses of child molestation. It instructs the jury that it cannot convict Wilson on evidence of these other offenses alone. It also explains to the jury that Wilson is not on trial for any acts other than those alleged in the indictment. Wilson objects to this instruction because the Court held that it would exclude evidence of other offenses of child molestation. In a Memorandum Opinion and Order, filed June 18, 2010 (Doc. 85), the Court conditionally excluded evidence of the other occurrences of child molestation that the United States proposed to introduce. The Court therefore agrees that, at this time, Wilson's objection to Requested Instruction No. 21 should be sustained. The Court will not give the requested instruction, because the instruction would be inappropriate if the evidence is, as it appears at the present time it will be, inadmissible. If the evidence of other instances of child molestation comes into evidence, the United States may move again at that time to have Instruction No. 21 added to the final jury instructions. The Court will add an instruction that Wilson is not on trial for any acts other than those alleged in the indictment, however, as a stand alone instruction. See Court's Third Proposed Set of Jury Instructions, Instruction No. 21, at 23.

**IT IS ORDERED** that the Objections to the Government's Jury Instructions are sustained in part and overruled in part as set forth in this Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Robert J. Gorence
Louren Oliveros
Gorence & Oliveros PC
Albuquerque, New Mexico

*Attorneys for the Defendant*